# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MEKDES KEBEDE,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

AMERICAN IMMIGRATION LAW
FOUNDATION,

*Amicus Supporting Petitioner.*

No. 03-1102

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A77-894-734)

Argued: May 6, 2004

Decided: June 1, 2004

Before WILKINS, Chief Judge, WILLIAMS, Circuit Judge,
and C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Petition denied by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Morris H. Deutsch, OSBORNE & DEUTSCH, Washington, D.C., for Petitioner. Linda Sue Wernery, Senior Litigation Coun-

sel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Carolyn Ann Killea, OSBORNE & DEUTSCH, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Mary A. Kenney, Beth Werlin, Nadine K. Wettstein, AMERICAN IMMIGRATION LAW FOUNDATION, Washington, D.C., for Amicus Supporting Petitioner.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mekdes Kebede, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board). The order affirmed, without opinion, the immigration judge's order denying Kebede's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Kebede first argues that the Board erred by applying its summary affirmance procedures in violation of its own regulations. As we recently have held, the remedy when the Board improperly affirms a case under its summary affirmance procedures, for example, by "allow[ing] a non-harmless error to slip through," is judicial review of the immigration judge's decision. *Blanco de Belbruno v. Ashcroft*, 362 F.3d 272, 281 (4th Cir. 2004). We do not consider "what the BIA may or may not have additionally meant in affirming the Immigration Judge's decision." *Id.* Accordingly, we proceed to consider the immigration judge's decision.

Kebede challenges the immigration judge's finding that she was not entitled to asylum because she failed to demonstrate past persecution or a well-founded fear of future persecution. "This court will reverse the denial of an asylum application only if the evidence 'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.' " *Blanco de Belbruno*, 362 F.3d at 284 (quoting *Rusu v. INS*, 296 F.3d 316, 325 n.14 (4th Cir. 2002)). We have reviewed the record and conclude that Kebede has not met this standard.

We likewise hold that Kebede is ineligible for withholding of removal. An applicant is entitled to withholding of removal if she can establish a "clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." *Rusu*, 296 F.3d at 324 n.13. This is a higher standard than an asylum claim's requirement of a well-founded fear of persecution. Since Kebede failed to meet the lower standard for an asylum claim, we find that the immigration judge also properly denied her petition for withholding of removal. *See Blanco de Belbruno*, 362 F.3d at 285-86.

Finally, we hold that substantial evidence supports the immigration judge's determination that Kebede did not establish that it was more likely than not that she would be tortured if removed to Ethiopia, *see* 8 C.F.R. § 208.16(c)(2) (2003), and thus, the immigration judge properly denied Kebede's petition for protection under the Convention Against Torture.

Accordingly, we deny Kebede's petition for review.

*PETITION DENIED*